UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KENNETH JOHNSON, | ) | |
|---|---|---|
| Plaintiff/Judgment Creditor, | ) | 03 C 9427 |
| v. | ) | Honorable Charles R. Norgle |
| LEFTERIS PSALTAKIS, | ) | |
| Defendant/Judgment Debtor, | ) | |
| SAPPHIRE JOLIET, | ) | |
| Garnishee/Judgment Debtor. | ) | |

**OPINION AND ORDER**

Charles R. Norgle, District Judge

Before the court is Citation Respondents Peter Gelis and Butterfield Investment Group, LLC's Rule 60(b) Motion to Vacate the March 16, 2005 Judgment. For the following reasons, the Motion is granted.

## I. Facts

Peter Gelis ("Gelis") is a member of the Butterfield Investment Group, LLC ("Buttefield"), which is an Illinois limited liability company. The court will refer to Gelis and Butterfield collectively as "Citation Respondents." "Sapphire Joliet" is the name Butterfield used for the operation of a nightclub located in Joliet, Illinois. "Sapphire Joliet" was not and is not a registered corporation or other such legal entity. Plaintiff Kenneth Johnson ("Johnson") is an individual who filed a lawsuit against Defendant Lefteris Psaltakis ("Psaltakis"). A final order of default judgment was entered against Psaltakis on March 25, 2004.

1

Believing Psaltakis to be an employee of Sapphire Joliet, Johnson caused a wage deduction summons to be issued against Sapphire Joliet in order to garnish Psaltakis' wages. Johnson has filed a copy of a return receipt for certified mail sent to Sapphire Joliet, but this receipt is not attached to any affidavit or other document proving it was a receipt for delivery of the summons. In addition, the summons made no reference to Butterfield, and was not served on Butterfield through its registered agent. The Citation Respondents deny ever receiving this summons.

On January 31, 2005, Johnson filed a motion for entry of conditional judgment against Sapphire Joliet based on its failure to answer the wage garnishment summons. However, this motion was mailed to Psaltakis, and was never served on Butterfield or Sapphire Joliet. The court entered a conditional judgment against Sapphire Joliet in the amount of $2,989,116.05 on February 4, 2005.

On February 15, 2005, the Clerk of Court issued a summons after conditional judgment against Sapphire Joliet. This summons again did not mention Butterfield, and was served on Psaltakis at Sapphire Joliet. The affidavit of the process server identifies Psaltakis as the "general manager" of Sapphire Joliet. The parties dispute whether Psaltakis was actually employed by Sapphire Joliet. On March 11, 2005, Johnson filed a motion to confirm the conditional judgment. According to the notice, this motion was again sent by mail to Psaltakis and Sapphire Joliet. Neither Gelis nor Butterfield ever received a copy of this motion. The court entered a final judgment in the amount of $2,989,294.80 against Sapphire Joliet on March 16, 2005.

## II. Discussion

### A. Standard of Decision

Rule 60(b) provides relief in those instances where a judgment has been entered and it would be unjust to allow that judgment to stand. "The general rule in this circuit is that relief from a judgment under rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1204-05 (7th Cir. 1984); see also Talano v. Northwestern Med. Faculty Found., 273 F.3d 757, 762 (7th Cir. 2001) (indicating that relief pursuant to Rule 60(b) requires a showing of "exceptional circumstances"). A Rule 60(b) motion permits relief from judgment when it is based on one of six specific grounds listed in the rule. See FED. R. CIV. P. 60(b); see also Deutsch, 981 F.2d at 301 (indicating that Rule 60(b) motions "must be shaped to the specific grounds for modification or reversal found in 60(b)--they cannot be general pleas for relief"). Specifically, the text of Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b).

## B. Citation Respondents' Claims for Relief under Rule 60(b)

Citation Respondents assert that the March 16, 2005 judgment against Sapphire Joliet should be vacated pursuant to Rule 60(b)(4), because the judgment is void. In support of this assertion, Citation Respondents indicate that the summons after conditional judgment was not properly served, and that the judgment was entered against a fictitious entity.

The special process server's affidavit states that he served the summons after conditional judgment on Psaltakis. Whether or not Psaltakis was an agent or employee of Butterfield or Sapphire Joliet, Psaltakis is not an appropriate person for accepting service of process in this matter, as he was the individual against whom the original judgment was entered, and the person whose wages Johnson sought to garnish. Illinois does not recognize service on an agent as service on a business entity if that agent's interests are "unfriendly" and "antagonistic" to the entity. "[S]ervice of process against a corporation on an officer or agent whose relation to the claim in suit is such as to make it to his or her interests to suppress the fact of service is unauthorized, though the person served is within the terms of the statute authorizing service." Personal Loan & Savings Bank v. Schuett, 20 N.E.2d 329, 331 (Ill. App. Ct. 1939). Here, Psaltakis' interests are clearly antagonistic to Sapphire Joliet's interests. If a final judgment against Sapphire Joliet were to be entered, Psaltakis would succeed in shifting the entire burden of his own liability to Sapphire.

In addition, "[a] suit brought against a legally non-existent party is void *ab initio* and the summons served upon the non-existent party does not give the court jurisdiction." Theodorakakis v. Kogut, 551 N.E.2d 261, 263 (Ill. App. Ct. 1990). Here, the summons named a legally non-existent entity, Sapphire Joliet, rather than Buttefield. The summons was therefore inadequate to give the court jurisdiction over the Citation Respondents.

4

Finally, the court determines that the Citation Respondents are entitled to relief under Rule 60(b)(6). These innocent third-party Citation Respondents to a wage garnishment summons did not receive proper notice of the garnishment, and have been found liable for Psaltakis' nearly $3 million judgment debt. The court cannot allow innocent third-parties to be subjected to such a huge liability unless the court is certain that summons and notices were properly given to the third-parties. In this case, as the court has explained, it is far from certain that this was done. In the interests of justice, the court therefore cannot allow Johnson to subject the Citation Respondents to nearly $3 million worth of Psaltakis' judgment debt.

## III. Conclusion

For the foregoing reasons, the court grants Citation Respondents' Rule 60(b) Motion to Vacate the March 16, 2005 Judgment. The court's March 16, 2005 Final Judgment Order for a total amount of $2,989,294.80 against "Citation Respondent Sapphire Joliet" is hereby vacated.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: August 3, 2006

5